FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 SEP -2 AM 9: 22

U.S. DISTRICT COURT
N.D. OF ALABAMA

AMERICAN GENERAL LIFE
AND ACCIDENT INSURANCE CO.,

    Plaintiff,

vs.

CASE NO. CV-98-J-1169-S

FORD ACCEPTANCE CORPORATION;
FUNERAL FINANCIAL SYSTEMS, LTD.,
SUNRISE EAST FUNERAL HOME, INC.,
and CHERYL R. WILSON,

ENTERED

SEP 2 1999

    Defendants.

## MEMORANDUM OPINION

Currently pending before the court are cross-motion's for summary judgment (docs. 22 and 25). The defendant's Funeral Financial Systems, Ltd. ("Funeral") and Ford Acceptance Corporation ("Ford Acceptance") both claim entitlement to the proceeds of a life insurance policy. The proceeds of the policy, on the life of Leila B. Smith, have been paid into the registry of the court (docs. 2 and 3) pending the resolution of this case. The parties agree that this case is appropriate for disposition on cross-motions for summary judgment. Neither party desires to be heard in open court on this matter (doc. 27).

### I. Procedural History

Plaintiff American General Life and Accident Insurance Company commenced this action on May 11, 1998 by filing a complaint in interpleader, alleging that the plaintiff had in its possession $2,016.45 which represented the death benefit of the policy issued by American General, policy number 908375254A (doc. 1). The policy named defendant

31

Cheryl R. Wilson as the beneficiary. This defendant has not filed a motion for summary judgment, a response to either of the pending motions, or even an appearance in this matter.[1] Defendant Wilson assigned her interest in the policy once on March 12, 1998 to defendant Sunrise, who then immediately reassigned its rights to the policy benefits to defendant Ford, also on March 12, 1998. Defendant Sunrise, like defendant Wilson, makes no claim to the proceeds of the policy.

Defendant Wilson then again reassigned the rights to the proceeds of the policy on March 13, 1998 to defendant Sunrise, who then immediately reassigned its rights to the policy benefits to Funeral, also on March 13, 1998. Both defendant Ford and defendant Funeral claim entitlement to the proceeds of the policy.

### II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any

---

[1] As a result, on March 9, 1999, the court entered a judgment by default against defendants Wilson and Sunrise, and also dismissed the plaintiff from the action, leaving only Ford and Funeral as parties in this litigation concerning the rightful owner of the proceeds in dispute (doc. 17).

material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249.

### III. Legal Analysis

The court finds that both remaining parties in this case agree on the facts: The insured died and her beneficiary assigned the policy benefits, on March 12, 1998, to Sunrise East Funeral Home in exchange for Sunrise performing a burial of the decedent. *See* Exhibit B to Ford's motion for summary judgment (doc. 22). Also on March 12, 1998, after receiving an assignment of the policy, Sunrise assigned its rights to Ford. For an undisclosed reason, on March 13, 1998, Wilson again assigned rights under the policy to Sunrise, who, also on March 13, 1998, assigned its rights to Funeral. *See* Exhibit D to Ford's motion for summary judgment.

This court finds that the law in Alabama is that an assignment is effective from the time of its making. Both parties argue that the non-binding case of *Metropolitan Life Insurance Co. v. First Security Financial Corp.*, 1992 WL 51000 (N.D.Ill.1992) is an adequate statement of the law the court should apply to this case. In that case, the parties were in almost an identical position as the parties here now find themselves, except in that case Funeral held the earlier assignment. The court stated that "Upon a valid assignment, the assignee acquires all of the assignor's interest in the property transferred, and the assignor retains no interest in the assigned property (citations omitted)." *Metropolitan Life Insurance Co.* 1992 WL 51000 at 2. In that case, the court having considered almost identical arguments to those here, the court awarded the proceeds to the first assignee, on the basis that after that assignment was made, the assignor had nothing left of her interest to reassign. *Id.*

In *Birmingham News Company, Inc. v. Chamblee and Harris*, 617 So.2d 689 (Ala.Civ.App.1993), the court cited with approval that once "a valid assignment has been made, the assignor cannot cancel or modify the assignment by unilateral action with the assent of the assignee; nor may he defeat the rights of the assignee. After notice of the assignment has been given to the obligor, the assignor has no remaining power to release."

Thus, the dispositive issue in this case is whether the first assignment, to Ford, was valid. Neither party having submitted any evidence that such assignment was invalid, the court can find no basis to rule, as a matter of law, that said assignment should be set aside.

### IV. Conclusion

In consideration of the foregoing, the Court **GRANTS** the defendant Ford's motion for summary judgment (doc. 22) and **DENIES** the defendant Funeral's motion for summary judgment (doc. 25). This court finding no just cause for delay, it **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of the defendant Ford.

**DONE** and **ORDERED** this the ___/___ day of September, 1999.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE